# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL WATSCHKE, | Case No.: 1:17-cv-01211- DAD - JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| Defendant. | |

Maribel Watshke seeks to proceed *pro se* and *in forma pauperis* in this action against the Department of the Air Force for a violation of Title VI, asserting she was forced to quit her job due to her race and religion. (Doc. 1, 3) Because Plaintiff fails to allege facts sufficient to support her claim for a violation of Title VI, the complaint is **DISMISSED** with leave to amend.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**II.    Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

1

shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should

2

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.     Factual Allegations

Plaintiff alleges that in October 2013 she worked at the ARFL. (Doc. 1 at 4) She reports that prior to going to work on October 15, she spoke Melissa Arnold, an assistant manager, "about working with Ms. Chelsey Watkins," an individual with whom Plaintiff did not want to work. (*Id.* at 3, 4) Plaintiff asserts she did not want to work with Ms. Watkins because she had a "bad temper" and "frequently used inappropriate language while on duty and talked to herself." (*Id.* at 4) Plaintiff alleges she requested to work with a different individual, and in response "Ms. Arnold and her secretary… told [Plaintiff] to just quit." (*Id.*) She reports that while she wrote a statement of resignation, both Ms. Arnold and her secretary "were chanting, 'Quit, quit, quit.'" (*Id.*)

According to Plaintiff, she attempted to get her job back in 2015, and was told she "had to start from scratch." (Doc. 1 at 4) Plaintiff alleges this information "stressed [her] out so [she] went to the Union, reporting she had been forced to quit. (*Id.*) Plaintiff asserts she later went to the human resources department to obtain her personnel file, at which time she "noticed that [the] original statement of resignation [was] missing and replaced with an altered one." (*Id.*)

Plaintiff now contends she was discriminated against due to her Filipino/Pacific Islander race and Christian religion in violation of Title VI. (Doc. 1 at 1, 6)

### V.     Discussion and Analysis

Plaintiff identifies Title VI as the sole cause of action in her complaint. (Doc. 1 at 1) Under Title VI, "No person in the United States shall, on the ground of race, color, or national origin, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Thus, Title VI does not provide protection against "discrimination on the basis of religion." *Edelstein v. Single Room Occupancy Hous. Corp.*, 2017 U.S. Dist. LEXIS 136408 at *6 (E.D. Cal. Aug. 23, 2017) (citing *Lubavitch-Chabad of Illinois, Inc. v. Nw. Univ.*, 6 F. Supp. 3d 806, 816 (N.D. Ill. 2013) ["Title VI does not provide for protection against discrimination on the basis of religion—only race, color, or national origin."]) Accordingly, to the extent Plaintiff's claim under Title VI is based upon discrimination due to her Christian religion, her claim fails.

Further, although Plaintiff alleges that her race is "Filipino/Pacific Islander" (Doc. 1 at 6), there are no factual allegations that support a conclusion that she was discriminated against upon the basis of her race. For example, Plaintiff does not identify any comments regarding race either by her co-worker or by the supervisor. Finally, Plaintiff fails to link the defendant identified to any of her allegations. Thus, Plaintiff fails to state a cognizable claim for a violation of Title VI.

### VI.     Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable claim for a violation of Title VI. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Therefore, Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order. The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is

4

warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **September 13, 2017**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE