# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL WATSCHKE, | Case No.: 1:17-cv-01211- DAD - JLT |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | |
| Defendant. | |

The plaintiff claims she was forced to quit her job without due process when she complained about her co-worker cursing in her presence and having a bad temper. The complaint fails to allege facts sufficient to support that she suffered a violation of due process and, therefore, the complaint is **DISMISSED** with **one-final** opportunity to amend.

## I. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

///

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Factual Allegations

Plaintiff alleges on October 15, 2013, she was working with a co-worker Chelsea Watkins. (Doc. 11 at 1) On that date, Ms. Watkins said "fuck" within the presence of the plaintiff. *Id.* The plaintiff objected to Ms. Watkins about the use of the curse word and told her not to curse while they worked together. *Id*. Ms. Watkins asked whether her objection was due to her being a Christian and the plaintiff confirmed this was the reason. *Id*.

Due to this and "several incidents" that occurred in the past, the plaintiff decided to make a formal complaint about Ms. Watkins. (Doc. 11 at 1) The plaintiff went to her superiors, Melissa Arnold and "Mr. Carl," to complain about Ms. Watkins' "bad temper," which made it "very difficult" to work with Ms. Watkins. *Id.* The plaintiff asked to be permitted to work with another co-worker, Sherry-ann, rather than with Ms. Watkins. *Id*.

Ms. Arnold refused to request for reassignment and gave the plaintiff the choice of working with Ms. Watkins or quitting. (Doc. 11 at 1) Feeling forced to quit, the plaintiff signed a document indicating she was quitting and while doing so, Ms. Arnold and Ms. Arnold's secretary, chanted, "quit, quit, quit." *Id*.

## V. Discussion and Analysis

### A. Procedural due process

The plaintiff claims she suffered a violation of due process when, in essence, she was forced to quit her job with the Air Force. (Doc. 11 at 1) A coerced resignation may give rise to due process guarantees. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 941 (9th Cir. 2009). However, it is the employee's burden to plead sufficient facts such that to justify the conclusion that a reasonable person would feel she had no choice but to quit. *Id*. In addition, the employee must demonstrate that the employer knew about the intolerable conditions.

In her complaint, the plaintiff asserts Ms. Watkins cursed in her presence and had demonstrated

a "bad temper" on several occasions in the past. (Doc. 11 at 1) Given the fact that the plaintiff worked for the Air Force for more than nine years, these few events do not seem to rise to the level of intolerable working conditions. Moreover, though she indicates that she asked not to work with Ms. Watkins in the future, it appears that she told her supervisors only that Ms. Watkins had a "bad temper." Thus, the facts alleged don't give rise to a conclusion that a reasonable person would have felt compelled to quit or that the employer was aware of the intolerable conditions.

Assuming that the plaintiff acted reasonably when she quit, she must demonstrate that the defendant deprived her of a property interest and it did so without due process of law. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Property interests "are created and their dimensions are defined by existing rules or understandings . . . that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A property interest is one which gives rise to "a legitimate entitlement to it," rather than a mere "unilateral expectation of it." *Id.* The plaintiff alleges that she had worked at her job for more than nine years. (Doc. 11 at 1) However, she fails to allege any facts that support the conclusion she had a property interest in her ongoing employment.

Moreover, in a constructive discharge case, such as this one, an employee is entitled, at most, to post-deprivation remedies. *Gravitt v. Brown,* 74 F. App'x 700, 704 (9th Cir. 2003) [Because an employer of a person who suffer a constructive discharger does not know in advance that the termination will occur, the employer cannot give a pre-termination hearing.] Notably, the attachments to the original complaint demonstrate she was able to challenge the termination. (Doc. 1 at 4-35) She submitted at least one complaint and then appealed the rejection of her claim. *Id*. Her post-deprivation remedy failed because it was untimely. *Id*. She did not seek review until 2016—nearly three years after her termination. *Id*.

On the other hand, most civilian employees of the federal government have the protection of a civil service scheme. *See* 5 U.S.C. § 7513. Finally, the plaintiff does not allege that she ever requested a due process hearing either before she signed her resignation papers or after. *See Gravitt v. Brown*, 74 F. App'x 700, 704 (9th Cir. 2003). Rather, she concedes that she did not do so. (Doc. 1 at 1)
///

### VI. Conclusion and Order

Based upon the foregoing, the Plaintiff will be given a **final** opportunity to file a second amended complaint curing the deficiencies identified in this order. The amended complaint must bear the docket number assigned this case and must be entitled "Second Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

   Dated: __**January 26, 2018**__             _____/s/ Jennifer L. Thurston___
                                                               UNITED STATES MAGISTRATE JUDGE