# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL M. WATSCHKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE AIR FORCE,<br><br>　　　　Defendant. | Case No.: 1:17-cv-1211 -DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Maribel Watschke claims she was forced to quit her job without due process when she complained about her co-worker cursing in her presence and having a bad temper.  Because Plaintiff has failed to comply with the Court's order to file an amended complaint and failed to prosecute the action, it is recommended the action be **DISMISSED** without prejudice.

## I.　　Relevant Background

Plaintiff initiated this action by filing a complaint in the Central District of California on January 30, 2017.  (Doc. 1)  The Court transferred the matter to the Eastern District, thereby initiating the matter with this Court on September 8, 2017.  Because Plaintiff sought to proceed *in forma pauperis*, the Court screened the compliant and found she failed to allege facts sufficient to support the claim alleged.  (Doc. 10)  The Court granted Plaintiff leave to amend the complaint, and she filed a First Amended Complaint on October 12, 2017.  (Doc. 12)  Again, the Court determined Plaintiff failed to state a claim but granted Plaintiff a final opportunity to amend the pleadings.  (Doc. 12)

1    Plaintiff was directed to file a Second Amended Complaint within thirty days from the date of

2    service. (Doc. 12 at 5) However, Plaintiff did not do so. Therefore, on March 7, 2018, the Court

3    ordered Plaintiff to show cause "why the action should not be dismissed for her failure to comply with

4    the Court's order or to file a second amended complaint. (*Id.*) To date, Plaintiff has not responded.

5    **II.    Failure to Prosecute and Obey the Court's Orders**

6        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

7    party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

8    and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent

9    power to control their dockets," and in exercising that power, a court may impose sanctions including

10   dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

11   1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a

12   court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

13   to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,

14   130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779

15   F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

16   **III.   Discussion and Analysis**

17       To determine whether to dismiss an action for failure to prosecute and failure to obey a Court

18   order, the Court must consider several factors, including: "(1) the public's interest in expeditious

19   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

20   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

21   of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61;

22   *Thomspon*, 782 F.2d at 831.

23       **A.    Public interest and the Court's docket**

24       In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's

25   interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d

26   983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

27   dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in

28   managing their dockets without being subject to noncompliant litigants). This Court cannot, and will

not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendant

To determine whether the defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further prosecuting the action, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that her failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court warned Plaintiff in the order dismissing the complaint with leave to amend that if she failed to comply with the Court's order**, "the action may be dismissed for failure to prosecute and failure to obey the Court's order**." (Doc. 12 at 5, emphasis in original) In the order to show cause, Plaintiff was again warned that the Court may dismiss the action for "failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 13 at 1) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes*

1   *Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative

2   sanction).  Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider

3   lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at

4   1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

5   **D.      Public policy**

6   Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders,

7   the policy favoring disposition of cases on their merits is outweighed by the factors in favor of

8   dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring

9   disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the

10  other four factors").

11  **IV.     Findings and Recommendations**

12  Plaintiff has failed to comply with the Court's orders dated January 29, 2018 (Doc. 12) and

13  March 7, 2018 (Doc. 13).  In doing so, Plaintiff has also failed to prosecute this action.  Based upon

14  the foregoing, the Court **RECOMMENDS**:

15  1.      This action be **DISMISSED** without prejudice; and

16  2.      The Clerk of Court be **DIRECTED** to close the action.

17  These Findings and Recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

19  Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

20  days after being served with these Findings and Recommendations, any party may file written

21  objections.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

23  waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26  Dated:   **March 29, 2018**                    **/s/ Jennifer L. Thurston**
27                                            UNITED STATES MAGISTRATE JUDGE

28